IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| CHUCK L. HARRISON and KAREN A. CANNON, Individually and as Representatives of the Estate of LEON E. HARRISON, Deceased,<br>         *Plaintiffs*, | § § § § § § | CIVIL ACTION No. _____<br>JURY DEMAND |
| vs. | § § | |
| PORT TERMINAL RAILROAD ASSOCIATION and UNION PACIFIC RAILROAD COMPANY.<br>         *Defendant*. | § § § § | |

## COMPLAINT

COMES NOW, Plaintiffs, CHUCK L. HARRISION and KAREN A. CANNON, Individually and as Representatives of the Estate of LEON E. HARRISON, Deceased, complaining of Defendants, PORT TERMINAL RAILROAD ASSOCIATION and UNION PACIFIC RAILROAD COMPANY, (hereinafter collectively referred to as "DEFENDANT RAILROADS"), and in support hereof respectfully shows the Court as follows:

### A.   PARTIES

1. Plaintiff, CHUCK L. HARRISON, is an individual and is Co-Independent Executor of the Estate of Leon E. Harrison, Deceased.

2. Plaintiff, KAREN A. CANNON, is an individual and is Co-Independent Executor of the Estate of Leon E. Harrison, Deceased.

3. Defendant Railroad, PORT TERMINAL RAILROAD ASSOCIATION (hereinafter "PTRA"), is an unincorporated association composed of member railroads, with its principal place of business in Harris County, Texas.  At all at relevant times the PTRA was a common carrier by railroad, engaged in interstate commerce, in and throughout the

United States. PORT TERMINAL RAILROAD ASSOCIATION can be served with process by serving: **Jeff Norwood, General Manager, 8934 Manchester Street, Houston, Texas 77012-2149**

4. UNION PACIFIC RAILROAD COMPANY, Individually and as Successor-in-Interest to the A Corporation, Individually and as Successor-in-Interest to the: Southern Pacific Transportation Company; St. Louis Southwestern Railway Company; Missouri Pacific Railroad Company; Missouri-Kansas-Texas Railroad Company; Texas & New Orleans Railroad; Houston, East & West Texas Railroad; the Galveston, Harrisburg and San Antonio Railroad; St Louis, Brownsville & Mexico Railroad; Beaumont, Sour Lake & Western Railroad; Houston Belt & Terminal Railroad; Houston & Brazos Valley; Columbia Tap Railway; LaPorte Houston Northern Railway; Galveston, Houston, Henderson Railroad; Houston & Texas Central Railroad; and Buffalo Bayou Brazos & Colorado Railroad (hereinafter referred to as **"UNION PACIFIC"**), and/or its predecessors-in-interest, were at all relevant times common carriers by railroad, engaged in interstate commerce, in and throughout the United States. UNION PACIFIC can be served with process by serving: **CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.**

### B. JURISDICTION & VENUE

5. At all relevant times, DEFENDANT RAILROADS were engaged in interstate commerce as common carriers by rail, and all or part of Plaintiffs' duties have been in furtherance of and have closely, directly and substantially affected interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., § 51 *et seq.*, which grants this Court jurisdiction over this action.

6. Venue is proper in U.S. District Court for the Southern District of Texas because it is the district: (i) of the residence of one or more of the DEFENDANT RAILROADS; (ii) in which the cause of action arose; (iii) and/or in which all of the DEFENDANT RAILROADS were conducting business at the time this action was commenced. 45 U.S.C. § 56.

### C. THE FEDERAL EMPLOYERS' LIABILITY ACT

7. Under the Federal Employers' Liability Act (the "FELA"), DEFENDANT RAILROADS are liable for damages to any employee suffering injury or death as a result of his or her employment with such carrier, where such injury or death results <u>in whole or in part</u> from the negligence of any of the officers, agents, or employees of the railroad, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.

8. The FELA places a continuing non-delegable duty on DEFENDANT RAILROADS to furnish its employees, including the Plaintiffs, with a safe place to work.

### D. RAILROAD KNOWLEDGE & USE OF ASBESTOS

9. According to UNION PACIFIC's video, Asbestos Awareness Training – Health Risks, I.D. S-321-95, "The adverse health effects associated with asbestos exposure have been studied for many years. Results of these studies and epidemiological investigations have demonstrated that inhaling asbestos fibers may lead to an increased risk of developing one or more diseases. Exactly why some people develop these diseases and others do not, remains a mystery."

10. Indeed, as early as 1935, at the 15th meeting of the Association of American Railroads Medical and Surgical Section, it was observed that "Pneumoconiosis is a condition that

may be caused by any kind of dust entering the lungs; but we as railroad surgeons are undoubtedly more interested in silicosis and asbestosis than other types."

11. The minutes of the Association of American Railroads made several specific recommended that, in order to prevent injuries or illness associated with exposure the these dusts, the railroads should: (i) educate all concerned; (ii) get rid of dust; (iii) sprinkle the working area with water; (iv) have employees wear inhalers; and (v) have frequent analysis made of the dust content of the air at different times during the working hours. These and other recommendations were discussed at the Association of American Railroads Medical and Surgical Section meetings for the years 1935, 1937, 1939, 1940, 1951, 1952, 1953, 1957 and 1958.

12. In the minutes of the 1958 meeting of the Association of American Railroads Medical and Surgical Section, Dr. Alton Ochsner observed, "There is good proof that asbestos is a cause of carcinoma."

13. Despite knowledge regarding the health hazards associated with occupational exposure to asbestos and/or asbestos-containing dusts, DEFENDANT RAILROADS continued to use asbestos and/or asbestos-containing products for decades thereafter.

14. Throughout the 1950s, 1960s, and 1970s, asbestos-containing materials ("ACM") were used in a variety of locations on the railroads, including, but not limited to: cement products, plaster, fireproof tiles, vinyl floor tiles, acoustical and thermal insulation and sprayed materials. Numerous locations in rolling stock also contained asbestos, including tape used to wrap steam and hot water pipes on steam locomotives, air compressor pipes on diesel locomotives prior to 1979, tape used to wrap business car piping, sealing and glazing compounds, freight car roof cements, pipe joint insulation, barriers used as

insulating blocks on dynamic brake grids, lining in the bottom of fire boxes on vapor steam boilers used on passenger locomotives, gaskets and covers on steam generators, gaskets and heat shields in and around Caban oil heaters in cabooses, composition brakeshoes on locomotives and freight cars prior to 1980, arc-chutes and wire covering on locomotive, flexible trainline insulation, and gaskets generally.

15. Decedent, LEON E. HARRISON, was employed by the Missouri Pacific Railroad from 1959 until 1963 and by the PTRA from 1963 until 2002. During the period that he was employed by the railroads, from 1959 through the late 1970s, Mr. Harrison was exposed to asbestos-containing materials.

16. On or about October 5, 2012, Decedent, LEON E. HARRISON, was diagnosed with lung cancer, an asbestos-related disease, which resulted in his death on January 25, 2013, at the age of 73 years.

17. At all times relevant, Decedent was unaware of the dangerous propensities of the asbestos-containing materials to which he was exposed while employed by DEFENDANT RAILROADS. Plaintiffs/Decedent did not learn that Decedent had been injured, or that such injuries were related to Decedent's occupational exposure to asbestos until less than three years prior to filing this suit.

### E.  CAUSE OF ACTION:  NEGLIGENCE UNDER THE F.E.L.A.

18. Decedent injuries and damages resulted, in whole or in part, from the negligence DEFENDANT RAILROADS' officers, agents or employees, or by reason of a defect or insufficiency, due to DEFENDANT RAILROADS' negligence, in its cars, engines, appliances, machinery, track, roadbed, works, or other equipment, in violation of the

Federal Employers' Liability Act, 45 U.S.C., 51 *et seq,* including but not limited to the following:

a.  DEFENDANT RAILROADS continued to purchase, install, and/or use asbestos-containing materials for decades after DEFENDANT RAILROADS knew or should have known of the harmful and/or hazardous nature of these materials;

b.  DEFENDANT RAILROADS failed to inspect its cars, engines, appliances, machinery, track, roadbed, works or other equipment for the presence of asbestos-containing materials, even after learning of the harmful and/or hazardous nature of these materials;

c.  DEFENDANT RAILROADS failed to remove and/or abate its cars, engines, appliances, machinery, track, roadbed, works or other equipment of asbestos-containing materials, even after learning of the harmful and/or hazardous nature of these materials;

d.  DEFENDANT RAILROADS failed to warn Decedent, LEON E. HARRISON, and other employees regarding the presence of asbestos-containing materials and/or of the potential health effects associated with exposure to such products;

e.  DEFENDANT RAILROADS failed to warn Decedent, LEON E. HARRISON, and other employees regarding the synergistic effect between smoking and asbestos exposure

f.  DEFENDANT RAILROADS failed to properly train Decedent, LEON E. HARRISON, and other employees regarding work with or around asbestos-containing materials;

g.  DEFENDANT RAILROADS failed to provide Decedent, LEON E. HARRISON, and other employees with proper respirators for use around asbestos-containing materials;

h.  DEFENDANT RAILROADS failed to conduct air monitoring to determine the levels of asbestos to which Decedent, LEON E. HARRISON, and other employees were exposed;

i.  DEFENDANT RAILROADS failed to provide Decedent, LEON E. HARRISON, with comprehensive asbestos medical examinations;

j.  DEFENDANT RAILROADS failed to medically monitor Decedent, LEON E. HARRISON, for asbestos-related conditions;

k.  DEFENDANT RAILROADS failed to adequately inquire regarding the presence of asbestos-containing materials inside the industrial facilities they serviced along the Houston Ship Channel;

l.  DEFENDANT RAILROADS failed to adequately inquire regarding the presence of asbestos-containing materials in the cargo they shipped and/or transported;

m.  DEFENDANT RAILROADS violated and/or disregarded their own policies and/or procedures regarding asbestos-containing materials;

n.  Such other acts and/or omissions by DEFENDANT RAILROADS that a jury may find at the time of trial to constitute negligence.

## H. DAMAGES

19.  Plaintiffs seek all elements of damages, both in the past and in the future, permitted under the law from DEFENDANT RAILROADS including, but not limited to:

a)  costs for medical care and treatment, in the past and in the future;

b)  mental anguish, in the past and in the future;

c)  physical pain and suffering, in the past and in the future;

d)  fear of cancer, in the past and in the future;

e)  physical impairment, in the past and in the future;

f)  all other damages in an amount that Plaintiffs would show that they are entitled to at the time of trial;

g)  Plaintiffs also assert claims for costs of court and post-judgment interest to the extent allowed by law.

20.  Plaintiffs hereby assert their right to a trial by jury and herewith tender the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, CHUCK L. HARRISION and KAREN A. CANNON, Individually and as Representatives of the Estate of LEON E. HARRISON, Deceased, demand DEFENDANT RAILROADS answer herein as the law directs; and that this Court enter Judgment against Defendants, PORT TERMINAL RAILROAD ASSOCIATION and UNION PACIFIC RAILROAD COMPANY, for actual and special damages together with interest thereon at the legal rate, costs of court, and for other such additional and further relief, special and general, at law and in equity, which may be just and proper under the law.

Respectfully submitted,

**SAMMONS & BERRY, P.C.**

*/s/ J. Kirkland Sammons*
J. KIRKLAND SAMMONS
Texas Bar No.: 50511552
4606 Cypress Creek Pkwy.
Suite 600
Houston, Texas 77069
Tel.: (713) 425-7200
Fax: (713) 425-7210

**ATTORNEYS FOR PLAINTIFFS**